UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENEE BISHOP-MCKEAN,

                  Plaintiff,

    v.

JUSTIN MURRAY, *et al*.,

                  Defendants.

CASE NO. 3:24-cv-05199-TL-GJL

REPORT AND RECOMMENDATION

Noting Date: June 10, 2024

       The District Court has referred this prisoner civil rights action to United States Magistrate Judge Grady J. Leupold. Plaintiff Renee Bishop-McKean, proceeding *pro se* and *In Forma Pauperis*, filed this action challenging the allegedly inadequate dental care she is receiving at Washington Corrections Center for Women. Dkts. 1-1, 7-1. Currently before the Court is Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. Dkt. 12. Upon review, the undersigned recommends the TRO Motion be **DENIED without prejudice**.

## I.      LEGAL STANDARD

       The Prisoner Litigation Reform Act ("PLRA") restricts the power of the Court to grant prospective relief in any action involving prison conditions. *See* 18 U.S.C. § 3626(a); *Oluwa v.*

REPORT AND RECOMMENDATION - 1

*Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998). Under the PLRA, the Court is permitted to enter a temporary restraining order or preliminary injunction "to the extent otherwise authorized by law," but such an order "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

## II. DISCUSSION

As required by § 1915A of the PLRA, the Court screened Plaintiff's Proposed Complaint and identified several deficiencies that made it inappropriate for service. Dkt. 10. Therefore, on May 20, 2024, the Court issued an Order declining to serve the Proposed Complaint and providing Plaintiff leave to file amended pleadings. *Id.* Two days later, Plaintiff filed a Supplement to her Proposed Complaint (Dkt. 11), a Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 12), and an Affidavit in Support of her TRO Motion (Dkt. 13). Each matter refers to and relies upon Plaintiff's Proposed Complaint. However, as explained in the Court's Screening Order, Plaintiff's Proposed Complaint is deficient and must be cured before she may proceed in this action. Dkt. 10. And, without a viable complaint, Plaintiff is

1  unable to demonstrate a likelihood of success on the merits—a prerequisite for obtaining the

2  extraordinary remedy of a temporary restraining order.

3                         **III.    CONCLUSION**

4          For the above stated reasons, the undersigned recommends Plaintiff's TRO Motion (Dkt.

5  12) be **DENIED without prejudice**.

6          Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

7  shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

8  R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

9  *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

10  those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

11  *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

12  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration **on June 10,**

13  **2024**, as noted in the caption.

14          Dated this 24th day of May, 2024.

15

16

17                         Grady J. Leupold
                          United States Magistrate Judge
18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 3